UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>  Plaintiff,<br><br>  v.<br><br>B. COOK, et al.,<br><br>  Defendants. | No. 2:20-cv-2355 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants retaliated against him in violation of his First Amendment rights. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.       Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges the events giving rise to the claim occurred while he was incarcerated at Deuel Vocational Institution (DVI).  (ECF No. 1 at 1.)  He has identified the following defendants: (1) correctional officer B. Cook; (2) correctional sergeant D. Look; (3) correctional lieutenant Dobie; and (4) correctional sergeant Doe 1.  (Id. at 2.)

1  Plaintiff alleges that on May 5, 2020 he was in his cell organizing his legal papers into
2  stacks.  (Id.)  Cook came to his cell, opened the door, and told plaintiff he had an inmate appeal
3  phone interview in the program sergeant's office.  Cook asked plaintiff about the stacks of papers.
4  Plaintiff stated, "these are my law offices, and any transgressions of my federal civil rights and
5  you can become a defendant immediately."

6  After plaintiff participated in the telephone interview, he returned to his housing unit.
7  There were some inmates hanging out on the three tiers of the unit.  Plaintiff began talking to an
8  inmate inside of a cell on the first tier.  Officer Lozano told plaintiff not to stay out of his cell too
9  long.  (Id. at 3.)  Plaintiff noticed Cook standing about 30 feet behind Lozano.  After finishing the
10 conversation plaintiff walked up to the second tier.  Plaintiff stopped on the second tier and began
11 talking to another inmate who was in a cell.  Cook yelled at plaintiff to go back to his cell.
12 Plaintiff went back to his cell on the third tier.

13 After plaintiff was in his cell, sergeant Doe came to plaintiff's cell door.  Doe stated that
14 Cook told him plaintiff was hanging out on the tier.  Plaintiff mentioned that inmates hang out on
15 the tier all day.  Doe responded stating, "But you know the rules, right."  Plaintiff asked what Doe
16 meant and Doe stated, "If you're filing appeals th[e]n obviously you must know the rules."
17 Plaintiff asked what the problem was with filing appeals.  Doe told plaintiff he would be
18 receiving a rules violation report (RVR) for hanging out on the tier and walked away.  (Id. at 4.)

19 Plaintiff received an RVR on May 13, 2020.  The report was written by Cook and accused
20 plaintiff of delaying a peace officer in the performance of his duties.  The offense was classified
21 as a serious offense with the potential for a loss of 90 days credit.  Plaintiff claims the RVR
22 accused him of chatting with other inmates, which is not an offense at all, or disobeying an order
23 which he claims should have been classified as a minor offense, rather than serious misconduct.

24 The RVR was reviewed by defendant Look and classified by Dobie.  (Id. at 4-5.)  Plaintiff
25 alleges Look and Dobie knew as a result of their training and experience that the misconduct did
26 not meet the criteria for a serious offense or warrant any further disciplinary proceedings.  He
27 argues that the conduct described was so minor that even if it had been the third occurrence of
28 ////

4

such misconduct it still would not be considered serious misconduct. Plaintiff claims that officers took adverse action against him because of his use of the inmate appeals process.

On June 11, 2020 a disciplinary hearing was held. (Id. at 5.) Several of plaintiff's requested witnesses appeared by phone. He alleges it was "obvious" that none of the elements for a serious offense were present in the allegations in the RVR. Plaintiff questioned several of the officers involved. The senior hearing officer (SHO), told plaintiff he would be willing to lower the RVR offense to disobeying an order, a counseling only offense that did not involve any further discipline if plaintiff waived further questioning. (Id. at 6.) Plaintiff agreed and the SHO reduced the offense.

Plaintiff alleges that because of his use of the inmate appeals process defendants Doe and Cook brought false and meritless serious disciplinary allegations against him. He further alleges that he filed an appeal that was fully granted at the Office of Grievances level of review.

### III. Does the Complaint State a Cognizable Claim?

#### A. Retaliation in Violation of the First Amendment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

##### 1. Defendants Cook and Doe

Plaintiff has alleged that officers Cook and Doe took adverse action against him, charging a serious disciplinary offense, when the action cited did not warrant a serious disciplinary offense. (ECF No. 1 at 7.) He has further alleged that these defendants took such action against him because he had previously filed lawsuits and administrative grievances. Accordingly, the court finds such allegations sufficient to state a cognizable retaliation claim against these defendants.

Although the use of fictitiously named Doe defendants is generally disfavored, it is not prohibited. Gillespie v. Civiletti, 629 F.2d at 637, 642 (9th Cir. 1980). Because it appears

5

plaintiff may be able to identify the Doe defendant through discovery and he has stated a cognizable claim against the defendant, the court will allow the claims to proceed. However, due to the impossibility of serving an unidentified defendant, the court will not order service on the Doe defendant until such time as plaintiff has identified the name of this defendant and filed a motion to substitute a named defendant for the Doe defendant. Failure to identify the Doe defendant and serve him prior to the close of discovery will result in a recommendation that the claim against that defendant be dismissed.

### 2. Defendants Look and Dobie

Plaintiff has alleged defendants Look and Dobie are liable based on their review of the RVR. Specifically, he alleges Look reviewed the RVR and Dobie classified the RVR. (ECF No. 1 at 4-5.) However, plaintiff has not alleged facts showing that these defendants were aware of his history of fling grievances or that plaintiff's history played any part in their classification or review of the RVR. Even assuming these defendants' review and classification of the RVR constituted an adverse action, plaintiff has not alleged facts showing that these defendants took such action based on his history of filing lawsuits and grievances. Accordingly, plaintiff has failed to state a cognizable claim against these defendants. Corales v. Bennett, 567 F.3d 554, 568 (9th Cir. 2009) (plaintiff must show "defendant knew of the protected speech").

### B. California Tort Claim

Plaintiff has alleged defendants acted negligently in failing to protect plaintiff from foreseeable harm. (ECF No. 1 at 7-8.) However, plaintiff has not pled compliance with the California Government Claims Act ("GCA"), which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity. Cal. Gov't Code §§ 905.2, 911.2, 945.2, 950.2; Munoz v. California, 33 Cal.App.4th 1767, 1776 (1995). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Thus, in order to state a tort claims against a public employee, plaintiff must allege compliance with the GCA and if he failed to comply, he may not bring any state law tort claims in this action, regardless of the merits of those claims.  Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well.  Karim-Panahi, 839 F.2d at 627.  Plaintiff's purported state law negligence claim must be dismissed with leave to amend for failure to allege compliance with the GCA.

### IV.     Amending the Complaint

As set forth above, plaintiff has stated a cognizable claim against defendants Cook and Doe but has failed to state a claim against defendants Look and Dobie.  Accordingly, plaintiff will have the option to proceed with his claims against defendants Cook and Doe or file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

1  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
2  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
3  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

4  The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
5  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
6  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
7  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
8  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema
9  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
10  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

11  An amended complaint must be complete in itself without reference to any prior pleading.
12  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.
13  Any amended complaint should contain all of the allegations related to his claim in this action.  If
14  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended
15  complaint.

16  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
17  has evidentiary support for his allegations, and for violation of this rule the court may impose
18  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

19  **CONCLUSION**
20  Accordingly, IT IS HEREBY ORDERED that:
21  1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
22  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
23  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
24  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
25  Director of the California Department of Corrections and Rehabilitation filed concurrently
26  herewith.
27  3.  Plaintiff states a potentially cognizable retaliation claim against defendants Cook and
28  Doe as set forth in Section III above.  The complaint does not contain any additional cognizable

8

claims.  Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

  4. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

  5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 10, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/witk2355.scrn

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WITKIN,

          Plaintiff,

   v.

B. COOK, et al.,

          Defendants.

No. 2;20-cv-2355 DB P

<u>PLAINTIFF'S NOTICE ON HOW TO PROCEED</u>

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his retaliation claims against defendants Cook and Doe. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing claims against defendants Look and Dobie, as well as his state law negligence claim.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                    Michael Witkin
                                                    Plaintiff pro se