UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2;20-cv-2355 DB P |
| Plaintiff, | |
| v. | ORDER |
| B. COOK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants retaliated against him in violation of his First Amendment rights. By order dated March 10, 2021 the court screened the original complaint. (ECF No. 7.) The court found the complaint stated some claims and failed to state other claims. Plaintiff was given the option of proceeding with the complaint as screened or amending the complaint. In response, plaintiff filed two motions seeking clarification of the court's March 10, 2021 order. (ECF Nos. 10, 11.)

**I.      Motion for Clarification re Negligence Claim**

Plaintiff's first motion seeks clarification regarding the dismissal of his California law negligence claim. (ECF No. 10.) His negligence claim was dismissed for failure to plead compliance with the California Government Claims Act ("GCA"). (ECF No. 7 at 6.) Plaintiff states he has used similar language in the past and courts have found such language sufficient to

1

1 state a negligence claim.  As stated in the court's screening order, in order to state a tort claim

2 against a public employee, plaintiff must affirmatively state that he has filed a claim with the

3 California Victim's Compensation Government Claim Board.

4       In the complaint plaintiff stated the following regarding his California Tort Claims Act,

5 Negligence claim:

> The allegations in paragraphs 1-33, inclusive, are hereby incorporated by reference. Defendants Cook, Look, Dobie, and Doe 1 had a duty, arising under California law, and premised upon the special relationship between themselves and plaintiff as jailers and prisoner, to protect plaintiff from foreseeable harm. The defendants intentionally breached that duty with their illegal acts, as described above. Their intentional breaches of their duty were the proximate cause of plaintiff's injuries, as outlined above.

(ECF No. 1 at 7-8.)

      The allegations do not contain any statement related to compliance with the GCA.  In any amended complaint, plaintiff must indicate whether he filed a claim with the California Victim's Compensation Government Claims Board.  Failure to include such a statement will result in a recommendation that plaintiff's state law negligence claim be dismissed.

## II.    Motion for Clarification re First Amendment Claim

      Plaintiff's second motion for clarification argues that the court should have found the complaint stated a First Amendment claim against defendants Look and Dobie.  (ECF No. 11.) Plaintiff states that the court should have found his allegations against these defendants should have been found to state a claim based on attachments to the complaint.  However, as previously stated, the court is not required to review exhibits to determine what plaintiff's allegations are as to each defendant.  (See ECF No. 7 at 7.)  The allegations must be clearly stated in the body of the complaint.

      Additionally, in order to state a First Amendment claim, plaintiff must show that the adverse action alleged was taken because plaintiff engaged in some protected activity.  Plaintiff claims the adverse action taken by defendants Look and Dobie was improper review and classification of the rules violation report.  (ECF No. 11 at 2.)  However, he has not connected that action to any activity protected by the First Amendment.  In any amended complaint plaintiff must state facts showing that the adverse action was taken in response to or because of some

protected activity such as filing an administrative grievance.  Accordingly, in order to state a cognizable First Amendment claim, plaintiff must state facts showing that each defendant was aware that plaintiff was engaged in protected activity.

### III.     Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for clarification (ECF No. 10, 11) are granted.
2. If plaintiff chooses to amend the complaint he must:
   a. Affirmatively plead compliance with the GCA; and
   b. State facts showing defendants Look and Dobie took adverse action because of plaintiff's engagement in some protected activity.

Dated:  April 7, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/witk2355.clarif

3