1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL WITKIN,                          No.  2:20-cv-2355 DAD DB P

12                 Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14   B. COOK, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants retaliated against him in violation of his First

19   Amendment rights.  Presently before the court is defendants' fully briefed motion to dismiss.  For

20   the reasons set forth below, the undersigned will recommend that the motion to dismiss be denied.

21                                  **BACKGROUND**

22   **I.      Procedural History**

23          This action commenced with the filing of the original complaint.  (ECF No. 1.)  Upon

24   screening the undersigned found that plaintiff had stated a potentially cognizable retaliation claim

25   against defendants Cook and Doe but did not state any other potentially cognizable claims.  (ECF

26   No. 7.)  Plaintiff was given the option to proceed immediately on his retaliation claim or file an

27   amended complaint.  (Id.)

28   ////

1

Plaintiff opted to amend the complaint.  (ECF No. 13.)  The undersigned found that the first amended complaint stated a potentially cognizable retaliation claim against defendant Cook, Look, Dobie, and Doe, but failed to allege a potentially cognizable negligence claim.  (ECF No. 17 at 5-6.)  Plaintiff was again given the option to proceed immediately with his retaliation claim or file an amended complaint.  (Id.)  Plaintiff opted to file an amended complaint.  (ECF No. 18.)

The undersigned found that the second amended complaint stated a potentially cognizable retaliation claim against defendants Cook, Look, Dobie, and Doe.  (ECF No. 21 at 5-6.)  The undersigned further found that the second amended complaint failed to allege a potentially cognizable negligence claim.  (Id. at 6-7.)  Because plaintiff had been previously advised of the legal standards and failed to cure the defects, the undersigned recommended that his negligence claim be dismissed without leave to amend.  (Id. at 7.)  The findings and recommendations were adopted, and plaintiff's negligence claim was dismissed without leave to amend by order dated March 29, 2022.  (ECF No. 31.)

Following screening, service was initiated on defendants Cook, Look, and Dobie.  (ECF No. 21.)  This action was then referred to the court's Post-Screening ADR (Alternative Dispute Resolution) Project.  (ECF No. 30.)  Defendants moved to opt out of the Post-Screening ADR Project.  (ECF No. 36.)  The motion was granted, and defendants were directed to file a responsive pleading.  (ECF No. 37.)  Thereafter, defendants filed the instant motion to dismiss (ECF No. 43), plaintiff filed an opposition (ECF No. 45), and defendants filed a reply (ECF No. 46).

## II.    Allegations in the Complaint

The events giving rise to the claim occurred while plaintiff was incarcerated at Deuel Vocational Institution ("DVI").  (ECF No. 20 at 1.) He has identified the following defendants: (1) B. Cook, correctional officer at DVI; (2) J. Look, correctional sergeant at DVI; (3) W. Dobie, correctional lieutenant at DVI; and (4) Doe 1, correctional sergeant at DVI.  (Id. at 2.)

On May 6, 2021, newly arrived at DVI, plaintiff was in his cell organizing his legal papers into stacks.  (Id.)  Cook came to his cell, opened the door, and told plaintiff he had an inmate appeal phone interview in the sergeant's office.  Cook asked plaintiff about the stacks of papers.

2

Plaintiff stated, "these are my law offices, and any transgressions of my federal civil rights and you can become a defendant immediately."

After plaintiff participated in the phone interview, he returned to his housing unit.  There were some inmates hanging out on the three tiers of the unit.  Plaintiff began talking to an inmate inside of a cell on the first tier.  (Id. at 2-3.)  Officer Lozano told plaintiff not to remain out of his cell too long.  (Id. at 3.)  Plaintiff noticed Cook standing about 30 feet behind Lozano.  After finishing the conversation plaintiff walked up to the second tier.  As he was walking up the stairs, he noticed Cook following him.  Plaintiff stopped to speak with an inmate in his cell on the second tier.  Cook yelled at plaintiff to go back to his cell.  Plaintiff went back to his cell on the third tier.

After plaintiff was in his cell, sergeant Doe came to plaintiff's cell door.  Doe stated that Cook told him plaintiff was hanging out on the tier.  Plaintiff mentioned that inmates hang out on the tier all day.  Doe responded stating, "But you know the rules, right."  Plaintiff asked what Doe meant and Doe stated, "If you're filing appeals th[e]n obviously you must know the rules."  (Id. at 3-4.)  Plaintiff asked what the problem was with filing appeals.  (Id. at 4.)  Doe told plaintiff he would be receiving a rules violation report (RVR) for hanging out on the tier and walked away.

Plaintiff received an RVR on May 18, 2020.  The report was written by Cook and accused plaintiff of delaying a peace officer in the performance of his duties.  The offense was classified as a serious offense with the potential for a loss of 90 days credit.  Plaintiff claims the text of the RVR accused him of chatting with other inmates, which is not an offense at all, or disobeying an order, which he claims should have been classified as a minor offense, rather than serious misconduct.

The RVR was reviewed by defendant Look and classified by Dobie.  (Id. at 4-5.)  Plaintiff alleges Look and Dobie knew as a result of their training and experience that the misconduct did not meet the criteria for a serious offense or warrant any further disciplinary proceedings.  (Id. at 5.)  Plaintiff claims that officers took adverse action against him because of his use of the inmate appeals process.

////

On June 11, 2020, a disciplinary hearing was held with lieutenant Thompson presiding as senior hearing officer (SHO).  (Id. at 6.)  Plaintiff alleges it was "obvious" that none of the elements for a serious offense were present in the allegations in the RVR.  Plaintiff questioned several of the officers involved.  Thompson told plaintiff he would be willing to lower the RVR offense to disobeying an order, a counseling only offense that did not involve any further discipline if plaintiff waived further questioning.  (Id. at 7.)  Plaintiff agreed and Thompson reduced the offense.  Plaintiff claims defendants Doe and Cook brought false and meritless serious disciplinary allegations against him because of his use of the inmate appeals process.

**MOTION TO DISMISS**

I.      **The Parties' Briefing**

      **A.  Defendants' Motion**

Defendants argue that the operative complaint does not contain a cognizable retaliation claim because plaintiff's allegations fail to plausibly show that adverse action was taken against him, that he was not chilled in the exercise of his First Amendment rights, and the RVR he received was for a legitimate correctional purpose.  (ECF No. 43 at 8.)

      **B.  Plaintiff's Opposition**

Plaintiff argues that defendants' motion to dismiss should be denied because the court already screened the complaint and the standards applied are the same.  (ECF No. 45 at 2.)  He further alleges that the only plausible explanation for defendants' actions is retaliatory motive.  (Id. at 3.)  Finally, he disputes defendants' claim that the RVR served a legitimate correctional purpose.  (Id. at 4.)

      **C.  Defendants' Reply**

Defendants argue that plaintiff fails to show a nexus between his protected conduct and the alleged retaliation.  (ECF No. 46 at 3.)  Defendants further argue that plaintiff has failed to show a chilling effect.  (Id. at 4-5.)  Finally, defendants claim that plaintiff has not sufficiently defended against their argument that the RVR advanced a legitimate correctional goal.  (Id. at 5-6.)

////

4

## II.     Legal Standards

### A.  Rule 12(b)(6) Motions to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

5

### B.  Retaliation in Violation of the First Amendment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

### III.    Analysis

### A.  Motions to Dismiss Following Screening

Plaintiff claims that defendants' motion to dismiss should be construed as "an application for reconsideration that fails to meet" the requirements of Local Rule 230(j).  (ECF No. 45 at 2.) The cases cited by plaintiff have noted that the standard on screening is the same standard the court uses on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). However, he has cited no authority to support his argument that the court should review defendants' motion under the motion for reconsideration standard set forth in Federal Rule of Civil Procedure 59(e) or 60(b) and Local Rule 230(j).  Defendants argue that the undersigned's prior screening order does not prevent them from moving to dismiss.  (ECF No. 43 at 7-8.)

"[T]he sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."  Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); see also Miesegaes v. Allenby, No. CV 15-01574 CJC (RAO), 2018 WL 11195516, at *5 (C.D. Cal. Nov. 30, 2018) ("[T]he Court's prior findings and recommendations from its sua sponte screening of the [complaint] do not foreclose Defendants' rights to bring a motion to dismiss."); Wilson v. Cty. of Contra Costa, No. 14-cv-04726-JCS, 2015 WL 4880996, at *2 (N.D. Cal. Aug. 14, 2015) ("[A] defendant may challenge under Rule 12(b)(6) the claims of a plaintiff who has been granted in forma pauperis status even if the court has already reviewed those claims under 28 U.S.C. § 1915 and found them to be sufficient.").  Accordingly, defendants' motion is proper and should be analyzed under Rule 12(b)(6).

**B.  Sufficiency of the Allegations Against Look, Dobie, and Cook**

**1.  Look and Dobie**

Defendants argue that Look and Dobie should not be liable based on their "limited role[s] in approving the RVR."  (ECF No. 43 at 9.)  They further claim that the SAC contains "only conclusory allegations" that Look and Dobie "intended to retaliate against plaintiff for his use of the inmate appeals system."  (Id.)  Defendants further allege that the complaint does not contain any "*factual* allegations" showing that Look and Dobie knew about plaintiff's protected activity because the reference in the RVR that plaintiff had attended a phone interview is not sufficient to put these defendants on notice.

In determining whether a complaint states a claim on which relief may be granted, the court is required to take as true the allegations in the complaint and construe the allegations in the light most favorable to the plaintiff.  Hishon, 467 U.S. at 73; Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989), abrogated on other grounds by Davinci Aircraft, Inc. v. United States, 926 F.3d 1117 (9th Cir. 2019).

Here, plaintiff alleges that both Look and Dobie reviewed the RVR and that it was apparent from the face of the RVR that plaintiff had been participating in the inmate grievance process.  (ECF No. 20 at 4-5.)  He further states that these defendants had sufficient experience to understand that the conduct alleged in the RVR amounted to "counseling only" misconduct that did not justify further disciplinary proceedings.  (Id.)  Accordingly, the undersigned finds that the facts alleged are sufficient to plausibly allege that the defendants' actions were retaliatory.  See Iqbal, 556 U.S. at 678 (Federal Rule of Civil Procedure 8(a) does not require detailed factual allegations); see also Starr v. Baca, 652 F.3d 1202, 1217 (9th Cir. 2011) ("Rule 8(a) 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations") (quoting Twombly, 550 U.S. at 556).

**2.  Cook**

Defendants argue that the allegations against defendant Cook are too conclusory to show a causal relation or retaliatory motivation for the allegedly adverse action.  (ECF No. 43 at 10-12.)

7

Plaintiff has alleged facts detailing his conversation with Cook where plaintiff disclosed that he was pursuing civil rights claims.  (ECF No. 20 at 2.)  Plaintiff alleges that he advised Cook that "any violations of my federal civil rights" would result in plaintiff filing a lawsuit. (Id.)  Plaintiff further stated that Cook came to his cell to inform plaintiff that he had a telephone call relative to a grievance plaintiff had filed.  (Id.)  Finally, plaintiff alleges that Cook issued plaintiff a RVR that same day for conduct that warranted verbal counseling only.  (Id. at 4.)

The court finds the allegations in the complaint sufficient to show Cook acted with retaliatory intent based on the proximity in time between Cook learning about plaintiff's protected conduct and the allegedly retaliatory action.  Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")

### C. Adverse Action

Defendants that the allegations fail to establish that plaintiff suffered any harm because the RVR was reduced to a counseling-only offense involving no further punishment.  (ECF No. 43 at 13.)

In his opposition plaintiff argues that his allegations are sufficient at the pleading stage. (ECF No. 45 at 3.)  Plaintiff does not dispute that he was ultimately received a counseling only RVR.  Rather claims that he suffered adverse action because he was charged with a serious rules violation even though his behavior warranted a counseling only RVR.  (Id.)  He further states that defendants' actions caused him "humiliation, degradation, emotional distress, mental distress, and depression."  (ECF No. 20 at 8.)

Whether the issuance of a counseling only RVR constitutes adverse action has not been settled.  O'Brien v. Diaz, 2023 WL 199238 at * 11 (E.D. Cal. Jan. 17, 2023) (citing Alem v. Burton, 2021 WL 2805775, at *4 (E.D. Cal. July 2, 2021)).  While "numerous district courts within the Ninth Circuit have concluded that informational and counseling chronos[1] do not

---

[1] The court notes that the California Department of Corrections and Rehabilitation amended the regulation governing documentation of minor misconduct, California Code of Regulations, Title 15, § 3312, in 2016.  Prior to the amendment, minor misconduct was documented on a custodial counseling chrono, referred to as a 128-B.  Vallery, 2020 WL 7425343 at *3, 4.  After the amendment § 3312 subsection (a)(2) required that minor misconduct be "documented on a Counseling Only Rules Violation Report."  Id. at *3.

constitute adverse actions."  Vallery v. Botkin, No. 2:20-cv-0767 TLN KJN P, 2020 WL 7425343 at *4 (E.D. Cal. Dec. 18, 2020) (citations omitted).  Others have determined that a counseling chrono or counseling only RVR could constitute an adverse action.  See Brown v. Chothia, No. 1:19-cv-00352 DAD EPG (PC), 2021 WL 2913076, at *13 (E.D. Cal. July 12, 2021), findings and recommendations adopted, 2021 WL 4132341 (E.D. Cal. Sept. 10, 2021); Washington v. Rupp, No. 2:19-cv-10033 FMO JC, 2021 WL 8822034, at *6 (C.D. Cal. Nov. 30, 2021) (noting that "whether issuing a counseling chrono is an 'adverse action' is not a settled proposition").

Plaintiff argues that defendants charged him with a serious disciplinary offense when his conduct warranted at most a counseling only RVR.  (ECF No. 45 at 3.)  The undersigned finds such allegations sufficient to plausibly claim that defendants took some adverse action against him.  See Patterson v. Forbes, 2019 WL 2994498 at *3 (E.D. Cal. July 9, 2019) (citing Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009)) ("An adverse action may be a harm or threat of harm, and may be explicit or implied.").

### D.  Chilling Effect

Defendants argue that plaintiff's allegations are too conclusory to show that his rights were chilled and that in fact his rights were not chilled.  (ECF No. 43 at 12-13.)

Plaintiff acknowledges that ultimately the charges were reduced, and he was not subject to further discipline, but that being charged with a serious RVR and threatened with the loss of 90 days of credits would chill an inmate of ordinary firmness.  (ECF No. 20 at 6-7, 8; ECF No. 45 at 3.)  At this stage, such an allegation is sufficient to show a chilling effect.  See Brodheim, 584 F.3d at 1270 ("[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."  (emphasis in original)); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (finding false accusation of violating a prison rule sufficient to show a chilling effect because "the injury asserted is the retaliatory accusation's chilling effect on [Plaintiff's] First Amendment rights, not the additional confinement or the deprivation of the television.").  Accordingly, the undersigned finds that the allegations in the complaint are sufficient to show a chilling effect.

////

1

**E.  Legitimate Correctional Goal**

2       Defendants argue that the issuance of an RVR advanced legitimate correctional goals.

3   (ECF No. 43 at 14.)  Plaintiff acknowledges that he failed to obey the order given by officer Cook

4   to return to his cell.  (ECF No. 20 at 2-3.)  However, he argues in the opposition that bringing

5   charges more serious than his conduct warranted does not advance institutional order or

6   legitimate correctional goals.  (ECF No. 45 at 4.)

7       A prison official cannot defeat a retaliation claim simply by pointing to "a general

8   justification for a neutral process . . . ."  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003).

9   "But, if in fact, the defendants abused the . . . procedure as a cover or ruse to silence and punish

10  [the inmate] because he filed grievances, they cannot assert . . . a valid penological purpose, even

11  though he may have arguably ended up where he belonged."  Id.

12       The allegations are sufficient to support plaintiff's claim that the disciplinary charges

13  were not brought for a legitimate penological purpose at the pleading stage.  See DaSilva v.

14  Padilla, 2016 WL 11447574 at *3 (S.D. Cal. July 6, 2016) (citing Watison, 668 F.3d at 1115)

15  ("allegations of prison officials filing a false complaint about a prisoner and making false

16  statements to a disciplinary board, are sufficient to sustain a retaliation claim.").

17

**F.  Conclusion**

18       As set forth above, defendants have failed to show that the allegations contained in the

19  complaint are insufficient to state a retaliation claim against defendants Cook, Look, and Dobie.

20  Accordingly, the undersigned will recommend that defendants' motion to dismiss be denied.

21

**CONCLUSION**

22       For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' motion to

23  dismiss (ECF No. 43) is denied.

24       These findings and recommendations will be submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days

26  after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  The document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1   objections shall be filed and served within seven days after service of the objections.  The parties

2   are advised that failure to file objections within the specified time may result in waiver of the

3   right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  April 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/S/witk2355.mtd fr