UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN, | No. 2:20-cv-2355-DJC-DB P |
| Plaintiff, | |
| v. | ORDER |
| B. COOK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants retaliated against him in violation of his First Amendment rights. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 4, 2023, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. (ECF No. 47.) Neither party has filed objections to the findings and recommendations.

The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. The case cited by the Magistrate Judge confirm that "California courts have consistently found that an

1

allegedly false Rules Violation Report, issued pursuant to § 3312(a)(3), can rise to the level of an adverse action for a retaliation claim." *Vallery v. Botkin*, No. 2:20-CV-0767-TLN-KJN, 2020 WL 7425343, at *4 (E.D. Cal. Dec. 18, 2020), report and recommendation adopted, 2021 WL 843614 (E.D. Cal. Mar. 5, 2021).  It is true that a Counseling Only RVR is not considered an adverse action. Because Plaintiff alleges that he was issued a RVR (as opposed to a Counseling Only RVR) as retaliation for the exercise of his First Amendment rights, he has sufficiently pled an adverse action.  The adverse action is not remedied by a third party reducing the RVR to a Counseling Only RVR because it is the Defendant's actions and the chilling effect of those actions that are being challenged.  *See Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (finding that it was the "retaliatory accusation[]" and not the actual result (i.e. "the additional confinement or the deprivation of the television") that constituted an injury).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 4, 2023, are adopted in full; and

2. Defendants' motion to dismiss (ECF No. 43) is denied.


IT IS SO ORDERED.

Dated:   **August 18, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

/witk2355.803