1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL WITKIN,                              No.  2:20-cv-2355 DJC DB P

12                    Plaintiff,

13             v.                                  ORDER

14    B. COOK, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims defendants retaliated against him in violation of his First

19    Amendment rights.  Presently before the court is defendants' fully briefed motion to revoke

20    plaintiff's in forma pauperis ("IFP") status.  (ECF Nos. 49, 50, 51.)  For the reasons set forth

21    below, the undersigned will deny the motion without prejudice and direct plaintiff to submit an

22    updated IFP application.

23    **I.       The Parties' Briefing**

24          Defendant alleges that when the case was screened and plaintiff's motion to proceed in

25    forma pauperis was granted on March 11, 2021, plaintiff was incarcerated.  However, plaintiff's

26    notice of address docketed on July 8, 2022, and the California Department of Corrections and

27    Rehabilitation's inmate locator website reflect that plaintiff is no longer incarcerated.  (Id. at 3.)

28    ////

                                                    1

Defendants argue that because plaintiff is no longer incarcerated his IFP status should be revoked and he should be required to submit a new application to proceed IFP because his release from custody renders the fee collection provisions of 28 U.S.C. § 1915(b) unenforceable.  (Id. at 4-5.)

Plaintiff opposes the motion arguing that it is untimely.  (ECF No. 50 at 1.)  He claims that defendants seek to revoke his IFP status instead of contesting the undersigned's recommendation that the motion to dismiss[1] be denied.  (Id. at 1-2.)  His notice of change of address was filed on July 8, 2022, but the instant motion to revoke was filed ten months after they learned of his release.  (Id. at 2.)  He further claims the motion is frivolous because plaintiff was granted IFP status in four cases in July 2022.  (Id. at 2.)

In the reply defendants argue that plaintiff did not cite any authority for his proposition that defendants' motion is untimely, and that plaintiff was granted IFP status in other cases is not relevant to resolution of the instant motion.  (ECF No. 51 at 2.)

**II.    Analysis**

Parties bringing a civil action, suit, or proceeding in a United States district court must pay the filing fee.  See 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the filing fee if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915.  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, § 1915 distinguishes unincarcerated indigent individuals from incarcerated ones.  A non-prisoner may file suit without paying the filing fee, provided he or she submits an affidavit showing that they are "unable to pay such fees or give security therefor."  Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015).  An indigent inmate, however, is not exempt from paying the filing fee.  28 U.S.C. § 1915(b)(1).  Rather, they are required to submit a copy of their inmate trust account statement, make an initial payment, followed by subsequent monthly payments, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(1)-(2).

---

[1] On April 3, 2023, the undersigned recommended that defendants' motion to dismiss be denied. (ECF No. 47.)  Thereafter, defendants filed the instant motion to revoke.  (ECF No. 49.)  After that motion was fully briefed, the district court adopted the findings and recommendations in fully denying the motion to dismiss.  (ECF No. 52.)

Defendants argue that plaintiff's IFP status should be revoked because plaintiff has been released from custody.  Since plaintiff has been released from custody, no inmate trust account exists form which filing fees may be garnished and forwarded to the court.  See DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2010) (noting that once an inmate is released, there is "no 'prisoner's account' from which to deduct . . . payments.").  However, plaintiff's release from custody does not require automatic revocation of plaintiff's IFP status.  See Adler v. Gonzalez, No. 1:11-cv-1915 LJO MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) report and reco. adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015).

The court notes that the Ninth Circuit has not provided guidance on whether a litigant granted leave to proceed in forma pauperis while incarcerated is obligated to pay the filing fee in full or may proceed IFP after their release from custody.  See Munoz v. Toor, No. 1:20-cv-1201 JLT HBK (PC), 2023 WL 5020483, at *2 (E.D. Cal. July 10, 2023) (citing Putzer v. Attal, No. 2:13-cv-00165 APG CWH, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013)).  However, courts in other circuits and in this district routinely allow former inmates released from custody to proceed under the non-prisoner provisions of the IFP statute provided they submit an updated poverty affidavit.  See McGann v. Comm'r Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996) (holding "a released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners"); DeBlasio, 315 F.3d at 398 (concluding that former inmate's IFP status should be determined in light of his post-incarceration financial circumstances because "a released prisoner should not have to shoulder a more difficult financial burden that the average indigent plaintiff in order to continue his lawsuit"); Townsend v. Rendon, 2022 WL 1462181, at *2 (E.D. Cal. April 1, 2022) (directing former inmate to "either pay the filing fee in full or submit a complete[d] application to proceed in forma pauperis by a non-prisoner"); Adler, 2015 WL 4041772 at *2 (directing released prisoner to submit a new IFP application to continue to proceed IFP); Miller v. Cates, No. 1:20-cv-1243 ADA HBK (PC), 2023 WL 5020478, at *2 (E.D. Cal. July 31, 2023) (directing released inmate to either pay balance of filing fee or file a renewed motion to proceed IFP accompanied by a statement reflecting the status of his current financial situation signed under penalty of perjury).

Plaintiff may continue to proceed IFP provided he submits an updated IFP application that reflects his current financial circumstances.  Accordingly, the court will recommend that defendants' motion to revoke plaintiff's IFP status be denied without prejudice but will direct plaintiff to submit an updated IFP application.  Plaintiff is advised that failure to submit an updated IFP application accompanied by a statement reflecting his current financial status signed under penalty of perjury may result in a recommendation that this action be dismissed.

**III.   Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' motion to revoke plaintiff's IFP status (ECF No. 49) is denied without prejudice;

2. Within thirty days of the date of service of this order plaintiff shall either pay the balance of the $402 filing fee or submit an updated motion to proceed IFP;

3. Plaintiff is advised that failure to comply with this order may result in a recommendation that this action be dismissed; and

4. The Clerk of the Court is directed to send plaintiff a copy of the IFP form for pro se litigants in this district.

Dated:  August 29, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/S/witk2355.mtn.revoke.ifp

4