1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL WITKIN,                              No.  2:20-cv-2355 DJC DB P

12                  Plaintiff,

13        v.                                      ORDER

14   B. COOK, et al.,

15                  Defendants.

16

17        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to

18   42 U.S.C. § 1983.  Plaintiff claims defendants retaliated against him in violation of his First

19   Amendment rights.  Presently before the court is defendants' ex parte application to stay this case

20   pending resolution of plaintiff's in forma pauperis ("IFP") status.  (ECF No. 55.)

21        On May 1, 2023, defendants filed a motion to revoke plaintiff's IFP status because

22   plaintiff had been released from custody.  (ECF No. 49.)  By order dated August 29, 2023, the

23   undersigned denied the motion without prejudice and directed plaintiff to submit an updated

24   motion to proceed IFP within thirty days.  (ECF No. 53.)  Thereafter, defendants filed an answer

25   and the instant application for stay.

26        The United States Supreme Court has clearly indicated that "the power to stay

27   proceedings is incidental to the power inherent in every court to control the disposition of the

28   causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How

                                                 1

1   this can best be done calls for the exercise of judgment, which must weigh competing interests

2   and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

3   "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v.

4   Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007).  When a party seeks an indefinite or

5   especially long stay, a greater showing is required to justify it.  Young v. I.N.S., 208 F.3d 1116,

6   1119 (9th Cir. 2000).  Additionally, "the proponent of the stay bears the burden of establishing its

7   need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

8         In support of their motion defendants argue that the court's August 29, 2023, order

9   directed plaintiff to submit an updated application to proceed IFP or pay the filing fee within

10  thirty days.  (ECF No. 55 at 1.)  The order further warned plaintiff that failure to comply may

11  result in a recommendation that this action be dismissed.  Thus, they argue "[p]laintiff's response

12  to that order, or lack thereof, may obviate the need for further litigation."  (Id.)  Defendants

13  further argue that a stay is particularly appropriate because the court has not yet issued a

14  scheduling order.  (Id. at 4.)

15        The undersigned will deny without prejudice defendants' request for a stay because

16  defendants have not shown that imposition of an indefinite stay is warranted at this time.

17  However, the court will not issue a discovery and scheduling order until plaintiff's IFP status is

18  resolved.

19        Accordingly, IT IS HEREBY ORDERED that defendants' application for stay pending

20  resolution of plaintiff's IFP status (ECF No. 55) is denied without prejudice.

21  Dated:  September 5, 2023

22

23

24                                                    DEBORAH BARNES
                                                      UNITED STATES MAGISTRATE JUDGE
25

26  DB:12
    DB/DB Prisoner Inbox/Civil.Rights/R/witk2355.stay

27

28

                                                    2